12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy A. FOX, Administratrix of the Estate of Cynthia
Jeanne Fox, Deceased, Plaintiff-Appellant,
v.
JEWISH HOSPITAL, INC.; Aig Life Insurance Company; Lincoln
National Life Insurance Company; Kentucky
Hospital Service Corporation Group
Insurance Trust, Defendants-Appellees.
 No. 92-6596.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1993.
 
 W.D.Ky., No. 91-00533, Meredith, J.
 W.D.Ky.
 AFFIRMED.
 Before: KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Dorothy Fox, Administratrix of the Estate of Cynthia Fox, deceased, appeals a district court order granting summary judgment in favor of the defendants on her complaint made pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Secs. 1001, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 While on a trip to the Hawaiian islands, Cynthia Fox became ill, was hospitalized, and subsequently died. Her mother, the plaintiff Dorothy Fox, was appointed administratrix of Cynthia's estate. Cynthia, who had been employed as a medical technician by defendant Jewish Hospital, was a participant in an employee welfare benefit plan. The plan provided accidental death and dismemberment benefits to participating employees through defendants AIG Life Insurance Company ("AIG") and Lincoln National Life Insurance Company ("Lincoln"). Claiming that Cynthia's death was accidental, the plaintiff sought accidental death benefits under the plan. Both AIG and Lincoln denied the plaintiff accidental death benefits, and, in response, the plaintiff filed the present civil action. Upon the defendants' motions for summary judgment, the district court entered judgment in their favor.
 
 
 3
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). The movant has the burden to show that the non-moving party has not established an essential element of his case upon which he would bear the ultimate burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When faced with an appropriate summary judgment motion, a non-moving party may not rest upon the allegations contained within his pleadings but must come forth with specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The non-moving party must present more than a scintilla of evidence in support of his position; he must present "evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 4
 The district court reviewed the defendants' decisions to deny accidental death benefits for an abuse of discretion. The plaintiff conceded that the abuse of discretion standard applied, and she does not argue otherwise on appeal. Under the abuse of discretion standard, the decision to deny accidental death benefits will "be upheld if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." Baker v. United Mine Workers of America Health and Retirement Funds, 929 F.2d 1140, 1144 (6th Cir.1991).
 
 
 5
 AIG's policy insured Cynthia for injury resulting in the loss of life. "Injury" was defined as "bodily injury caused by an accident ... resulting directly and independently of all other causes...." Under Lincoln's policy, "accidental bodily injury" was defined as "physical damage to an individual which, independent of all other causes, is evidenced by a visible contusion or wound on the exterior of the body, except in the case of drowning or internal injuries revealed by autopsy."
 
 
 6
 The defendants relied upon substantial evidence which indicated that Cynthia's death was caused, at least in part, by complications relating to her morbid obesity. The plaintiff alleged that Cynthia's death was caused by accidental aspiration resulting from an attempt to transport her to another hospital. Outside of her allegation, the plaintiff offered no evidence to the defendants supporting her belief that her daughter's death directly resulted from an accident. The record indicates that the defendants' decisions were not made hastily and that the plaintiff was not prevented from presenting evidence to the defendants in support of her allegation. Moreover, the plaintiff did not avail herself of the opportunity to appeal the defendants' decisions. Accordingly, we are satisfied that the defendants' decisions were not an abuse of discretion.
 
 
 7
 The plaintiff requests that this court consider new information relating to her daughter's death. We decline to do so. First, when reviewing a district court's grant of summary judgment, this court is required to review only the evidence presented to the district court. Tanks v. Greater Cleveland Regional Transit Auth., 930 F.2d 475, 481 (6th Cir.1991). Second, the district court's review of the defendants' decisions was limited to considering the evidence presented to the decisionmakers at the time of their final decisions. Perry v. Simplicity Engineering, Div. of Lukens General Indus., Inc., 900 F.2d 963, 966-67 (6th Cir.1990). Allowing or requiring the district court to consider evidence which was not presented to the decisionmakers would seriously impair ERISA's stated goal of providing a method for beneficiaries to resolve disputes over benefits inexpensively and efficiently. Id. at 967. Likewise, this court's consideration of evidence not presented to the decisionmakers would seriously impair that goal.
 
 
 8
 Accordingly, the district court's order granting summary judgment to the defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.